UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LONGHINI,
individually,

    Plaintiff,

v.     Case No.: _____

SARRIA ENTERPRISES INC.,
a Florida corporation,

    Defendant.
_____/

# COMPLAINT
(*injunctive relief demanded*)

    Plaintiff, DOUGLAS LONGHINI, individually (sometimes referred to as **"Plaintiff"**), on his own behalf and on behalf of all other mobility impaired individuals similarly situated, hereby sues Defendant, SARRIA ENTERPRISES INC., a Florida corporation (sometimes referred to as **"Defendant"**), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (**"ADA"**), and states:

    1.    Plaintiff, DOUGLAS LONGHINI, is an individual residing in Miami, Florida, in Miami-Dade County.

    2.    Defendant owns and operates the shopping center generally located at 12210 SW 8TH ST., MIAMI, FL 33184-1553 (the **"Sarria Shopping Center"**), in MIAMI-DADE COUNTY (**"Property"**), which property includes the tenant space located at 12214 SW 8TH ST., MIAMI, FL 33184.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the Property *situs*. Defendant's Property is located in and Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181 *et seq. See also* 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, DOUGLAS LONGHINI, is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Mr. Longhini has cerebral palsy and uses a wheelchair to ambulate. Mr. Longhini has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. Mr. Longhini has personally visited the Property, which forms the basis of this lawsuit, and plans to return to the Property in the near future to avail himself of the goods and services offered to the public at the Property, if the Property is made accessible. Mr. Longhini lives in Miami, and he regularly visits retail shopping establishments and shopping centers throughout Miami-Dade County. Plaintiff has encountered architectural barriers at the Property. The barriers to access at the Property have endangered his safety. In addition, under Title III of the ADA, Plaintiff has standing as a tester of ADA compliance.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is generally known as the SARRIA SHOPPING CENTER.

7.  Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's noncompliance with the ADA with respect to Property, as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to visit the Property in the near future, not only to avail himself of the retail shopping options available at the Property, but to assure himself that the Property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.  Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property and building, as prohibited by 42 U.S.C. § 12182 *et seq.*

9.  Defendant has discriminated, and is continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Property has shown that violations exist. These violations that Mr. Longhini has personally encountered include, but are not limited to:

**<u>Parking</u>**

a.  The plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Sections 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

b.  The plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

c. There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

### Entrance Access and Path of Travel

d. The plaintiff had difficulty entering some of the tenant spaces as the door thresholds were too high. Violation: There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG and Sections 404.2.5, 302 and 303 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The plaintiff could not enter some of the entrances without assistance as the required level landing is not provided. Violation: A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG and Sections 404.2.4.4 and 302 of the 2010 ADA Standards, whose resolution is readily available.

f. The plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG and Sections 406.1 and 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Access to Goods and Services

g. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG and the 2010 ADA Standards.

h. The plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

i. The plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### Public Restrooms

j. The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    k.   The plaintiff could not use the lavatory as the required knee clearance was not provided. Violation: The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG and Section 306.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    l.   The plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide the required stall door hardware in violation of Sections 604.8.1.2, 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    m.   The plaintiff had difficulty using the side grab bar as it was mounted too far from the wall. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5.1 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

    n.   The plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

    o.   The plaintiff could not enter the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

    p.   The plaintiff could not enter the restroom without assistance as the required door hardware is not provided. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG and Sections 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    q.   There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

10.    The discriminatory violations described in paragraph 9 are not an exclusive list of Defendant's ADA violations. Plaintiff requires the inspection of Defendant's Property to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of Defendant's Property, and have

otherwise been discriminated against and damaged by Defendant because of Defendant's ADA violations, as set forth above. Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requires an inspection of Defendant's Property to remedy this discriminatory situation and to determine all areas of non-compliance with the ADA.

11.   Defendant has discriminated against Plaintiff, and all others similarly situated, by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its Property in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, Defendant continues to discriminate against Plaintiff, and all others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13.   Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its Property, that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's Property since January 26, 1992, then Defendant is required to ensure, to the maximum extent feasible, that the altered portions of the Property are readily accessible to and

useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and, finally, if Defendant's Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendant's Property must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Plaintiff has satisfied all other conditions precedent to the filing of this action, or such conditions precedent have been waived by Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require Defendant to alter Property to make the Property readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA; or, by closing the Property until such time as Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment determining that Defendant at the commencement of the subject lawsuit is in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against Defendant including an order to make all readily achievable alterations to the Property; or, to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and, to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, to take such steps that

    may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as this Court deems just, proper, or otherwise allowable under Title III of the ADA, in favor of Plaintiff.

**DATED** this 25th day of July, 2016.

                          Respectfully submitted,

                          **ESPINOSA LAW GROUP**
                          10625 N. Kendall Dr.
                          Miami, FL 33176-1510
                          Tel.: 305-655-1501
                          E-mail: tallison@espinosalawgroup.com
                          E-mail: despinosa@espinosalawgroup.com

                          By: */s/ Danny Espinosa*
                                Daniel Alberto Espinosa, Esq.
                                Florida Bar No. 81686

                          *Counsel For The Disabled*