**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

DOUGLAS LONGHINI, individually,

     Plaintiff,

v.                             Case No.: <u>1:16-cv-23230-KMW</u>

SARRIA ENTERPRISES INC., a Florida
corporation,

     Defendant.

_____/

**<u>VERIFIED CERTIFICATE OF COUNSEL</u>**

The undersigned, Plaintiff's counsel, hereby responds to this Court's Order Requiring Certificate of Counsel Regarding any Prior Filings under the Americans with Disabilities Act [D.E. 6] and files this Verified Certificate of Counsel, stating:

The undersigned, Plaintiff's counsel, conducted a diligent search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida (via a PACER search) to ascertain whether or not Defendant, or its property, has ever been sued prior to the filing of this suit for alleged violations for the same, similar, or any, alleged violations of the Americans with Disabilities Act (**"ADA"**). Based on said diligent search, the undersigned certifies that prior to Plaintiff suing Defendant under Title III of the ADA, there has only been one other lawsuit concerning what appears to be the same shopping center, Case No. 1:1999-cv-01626, but concerns different ADA barriers. The docket does not contain a settlement agreement between the parties. Nevertheless, that case was settled in March 2000. Based on the ADA violations and barriers encountered by Plaintiff that are set forth in the instant lawsuit, Defendant has not complied with any settlement agreement that may or may not have required it to perform modifications to the property to bring it into compliance with the ADA.

– 1 –

**ESPINOSA LAW GROUP**
TRIAL LAWYERS

The undersigned reached out (telephone and e-mail) to counsel for Plaintiff in the 1999 case referenced above, and no response has been received.  Specifically, the undersigned ask if a settlement agreement was ever prepared and executed by the parties to that case, and whether there has ever been an enforcement action concerning the subject settlement. Because the undersigned has not received a response to his inquiries, the undersigned is unable to furnish the court with specific details of the settlement.  Nevertheless, the undersigned hereby attached the Docket Sheet in that case as **Exhibit "A."**  Based upon the current condition of the subject property, it appears Defendant has not undertaken any action to bring the subject property into compliance with the ADA.

Respectfully submitted,

**ESPINOSA LAW GROUP**
10625 N. Kendall Dr.
Miami, FL 33176-1510
Tel.: 305-655-1501
E-mail: despinosa@espinosalawgroup.com

By: */s/ Danny Espinosa*
        Daniel Alberto Espinosa, Esq.
        Florida Bar No. 81686

## <u>VERIFICATION</u>

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

By: */s/ Danny Espinosa*
        Daniel A. Espinosa, Esq.

**[CERTIFICATE OF SERVICE ON NEXT PAGE]**

– 2 –
**ESPINOSA LAW GROUP**
TRIAL LAWYERS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon counsel of record by electronically filing same with the Clerk of Court using the Electronic Case Filing System, on this <u>30th </u>day of <u>August</u>, 2016.

By: <u>*/s/ Danny Espinosa*           </u>
Daniel Alberto Espinosa, Esq.
Florida Bar No. 81686